UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARIS MANNING, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOLD BELT FALCON, LLC, *et al.*,<br><br>　　　　Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3427 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

Gerald J. Williams, Esq.
WILLIAMS CUKER BREZOFSKY
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103
　　　Counsel for Plaintiffs


Andrew R. Frisch, Esq.
MORGAN AND MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
　　　Counsel for Plaintiffs


David M. Cedar, Esq.
MEROVTIZ, CEDAR & GRUBER, LLC
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
　　　Counsel for Plaintiffs


Mark J. Foley, Esq.
George A. Voegele, Jr., Esq.
COZEN O'CONNOR
457 Haddonfield Road, Suite 300
PO Box 5459

Cherry Hill, NJ 08002
        Counsel for Defendants


**IRENAS**, Senior District Judge:

    Plaintiffs brought suit seeking to recover additional wages to which they are allegedly entitled.  The complaint asserts two claims: a Fair Labor Standards Act claim and an analogous claim under the New Jersey Wage and Hour Law.  Defendants move for judgment on the pleadings as to the state law claim only.  Because the Court concludes the Federal Enclave Doctrine precludes Plaintiffs' state law claim, the motion will be granted.

I.

    The Court recounts only those alleged facts necessary to the disposition of the motion.[1]  Defendants employed Plaintiffs as Citizens on the Battlefield ("COB") role players to assist in military training exercises at Fort Dix, New Jersey.  Defendants' Brief in Support of Their Motion for Judgment on the Pleadings ("Def. Br."), 1.  Plaintiffs filed this suit under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b) and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq*.  Plaintiffs, present and former employees of the Defendants,

---

    [1]This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

brought this suit on behalf of themselves and others similarly situated. Plaintiffs make two claims: First, they contend they were not paid adequately for their overtime (work performed beyond a forty-hour work week) under both the FLSA and the NJWHL. Second, Plaintiffs appear to claim, under the NJWHL, that they were not fully compensated for work they did even in weeks they did not work overtime.[2] *Id.*

Defendants move for judgment on the pleadings solely with regard to the NJWHL count.  They contend the claim should be dismissed because (1) it is barred by the Federal Enclave Doctrine; (2) this Court does not have jurisdiction to entertain a state law class action claim alongside a federal collective action claim; and (3) Plaintiffs have already been paid for all hours at issue. Because the Court agrees that the state law claim is barred by the Federal Enclave Doctrine, Defendants' motion will be granted.

---

[2] Plaintiffs do not clearly state this claim in their complaint.  In their opposition brief to Defendants' Motion for Judgment on the Pleadings, Plaintiffs characterize their state law claim as presenting "a chance for recovery of payment for non-overtime hours worked in weeks in which Plaintiff worked fewer than 40 hours." Pl. Reply Br., 1.  Plaintiffs contend that under New Jersey law, "all time the employee is required to be at his or her place of work or on duty shall be counted as hours worked."  N.J. A.C. § 12:56-5.2.  Based upon this state law requirement, Plaintiffs allege they should be paid during their lunch hours, regardless of whether they worked overtime or not. While Plaintiffs state this claim is specifically pled in their proposed Amended Complaint, the Court has still not seen any version of the proposed Amended Complaint.

II.

Under Fed. R. Civ. P. 12(c), judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)(internal citation omitted).  The Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* at 291-92 (internal quotation marks omitted).

III.

Under the Federal Enclave Doctrine, "the activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides 'clear and unambiguous' authorization for such regulation." *Goodyear Atomic Corp. v. Miller*, 486 U.S. 172, 180 (1988) (quoting *EPA v. State Water Resources Control Board*, 426 U.S. 200, 211 (1976)).  The Federal Enclave Doctrine applies to land held by the federal government that was given, deeded or ceded by the state.  *Id.*  A state law will apply to the federally held land if either the state law existed at the time of cession and has not been abrogated by Congress, a relevant predecessor state law existed,

or Congress has specifically acted to make state law applicable on the enclave." *Kelly v. Lockheed Martin Services Gr.,* 25 F. Supp. 2d 1, 6 (D.P.R. 1998).

As Defendants clearly illustrate in their brief, Fort Dix falls under the definition of a federal enclave (a point Plaintiffs concede (Plaintiffs' Reply Br., 2.)) and the NJWHL was neither in existence at the time of cession nor was there a relevant predecessor state law in existence at the time of cession.[3] Thus, for the state law claim to survive this motion, Plaintiffs must demonstrate that Congress clearly and unambiguously intended for state minimum wage and hour laws to apply to federal enclaves.

Plaintiffs contend Congress enacted the Service Contract Act, 41 U.S.C. § 351, to apply state minimum wage laws including the NJWHL to federal employers, thereby creating clear and unambiguous authorization for such regulations to apply in federal enclaves. The Service Contract Act provides:

> "Every contract . . . entered into by the United States . . . in excess of $2,500 . . . the principal purpose of which is to furnish services in the United States through the use of service employees shall contain the following:
>
> > (1) a provision specifying the minimum monetary wages to be paid the various classes of service employees in the performance of

---

[3] New Jersey ceded Fort Dix to the federal government in 1938. N.J. Stat. Ann. § 52:30-2. The NJWHL was enacted in 1966. N.J. Stat. Ann. § 34:11-56a25.

>
> the contract or any subcontract thereunder,
> as determined by the Secretary, or his
> authorized representatives, in accordance
> with prevailing rates for such employees in
> the locality...."

41 U.S.C. § 351.

Nothing in the Service Contract Act evinces congressional intent to apply state minimum wage laws to federal enclaves, nor is the application of state law to federal property even mentioned. Furthermore, Congress clearly enacted the Service Contract Act for a specific purpose: to ensure workers employed by federal employers were paid no less than workers employed by private or state employers in the same area. There is no explicit intent to abrogate the Federal Enclave Doctrine, but rather a desire to ensure protection for service contracts. *Id.*

In contrast, the Supreme Court found clear and unambiguous congressional authorization to apply state workman compensation law to federal enclaves in *Goodyear Atomic Corp. v. Miller* when Congress said exactly that in the statute. 486 U.S. 172 (1988). In *Goodyear*, the statute under examination specifically noted that states "shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of American by deed or act of cession . . . ." 40 U.S.C. § 290. The distinction between the statute in *Goodyear* and the SCA is obvious: one clearly applies state law to federal land, while the other does not.

Accordingly, this Court holds that the Federal Enclave Doctrine precludes Plaintiffs' NJWHL claim.  Defendants' motion will be granted.  Count Two of the complaint will be dismissed.

IV.

For the reasons stated above, Defandants' Motion for Judgment on the Pleadings will be granted. The Court will issue an appropriate order.

Date: February 1st, 2009

    s/ Joseph E. Irenas
JOSEPH E. IRENAS, S.U.S.D.J.