```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHARIS MANNING, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOLDBELT FALCON, LLC, *et al.*,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3427 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

Gerald J. Williams, Esq.
WILLIAMS CUKER BREZOFSKY
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103
          Counsel for Plaintiffs


Andrew R. Frisch, Esq.
MORGAN AND MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
          Counsel for Plaintiffs


David M. Cedar, Esq.
MEROVTIZ, CEDAR & GRUBER, LLC
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
          Counsel for Plaintiffs


Mark J. Foley, Esq.
George A. Voegele, Jr., Esq.
COZEN O'CONNOR

1

457 Haddonfield Road, Suite 300
PO Box 5459
Cherry Hill, NJ 08002
        Counsel for Defendants

**IRENAS**, Senior District Judge:

Pursuant to this Court's direction during oral arguments conducted on August 25, 2010, the parties have submitted supplemental briefs on Plaintiffs' request for conditional certification of the collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiffs ask this Court to conditionally certify their collective action and to approve notice be sent to prospective collective action members.

I.

Plaintiffs filed their original complaint, a collective action under the FLSA, on July 10, 2008, in the United States District Court for the District of New Jersey against Defendants Goldbelt Falcon, LLC ("Falcon"), Goldbelt Eagle, LLC ("Eagle"), and Bionetics Corporation ("Bionetics").[1]  On February 22, 2010, Plaintiffs filed a motion seeking an order granting conditional class certification and judicial notice (Pls.' Mot. for Certification.)  Docket No. 43.  On August 25, 2010 and again on

---

[1] This Court has jurisdiction over this matter pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

September 28, 2010, this Court heard oral arguments concerning Plaintiffs' motion.

Defendants object to this Motion and contend it should be denied because 1) individualized issues would predominate class members' claims and thereby preclude collective action treatment; 2) Manning is not an appropriate class representative; and 3) Plaintiff's counsel would be unable to adequately and fairly manage the collective action. (Def. Br. In Opp., 14.)

## II.

Under 29 U.S.C. § 216(b), an employee who feels his or her right to unpaid overtime compensation has been violated may bring an action "for and in behalf of himself or themselves and other employees similarly situated."

The term "similarly situated" is not defined in the FLSA. In "the absence of guidance from the Supreme Court and Third Circuit, district courts have developed a test consisting of two stages of analysis" to determine if employees are similarly situated. *Kronick v. Bebe Stores, Inc.*, 2008 WL 4546368 at *1 (D.N.J. 2008).

The first analysis occurs when plaintiffs move for conditional certification of the potential class. This first analysis is also called a stage one determination. During stage one the court determines if notice should be given to potential

class members. *Morisky v. Public Service Electric and Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000)(quoting *Thiessen v. General Electric*, 996 F.Supp. 1071, 1080 (D.Kan. 1998)). Should conditional certification be awarded during stage one, then notice will be sent out to the potential class of plaintiffs.

It is possible for a class to be certified at stage one but fail certification at stage two. Unless a case is "ready for trial," Third Circuit courts consider the case in stage one. When some discovery has been conducted and several plaintiffs have opted in, the case has moved beyond a typical stage one determination. *Herring v. Hewitt Assoc., Inc.*, 2007 WL 2121693 at *4 (D.N.J. 2007). In such cases, the trial judge must decide whether the case is ready for trial. *Id.* In *Herring*, three plaintiffs had opted in and discovery was already underway. *Id.* The court decided that the litigation was in stage one because the case was not "ready for trial." *Id.* Likewise, in *Morisky*, the court stated a case is in stage two after "discovery is largely complete and the case is ready for trial." 111 F.Supp. at 497. In holding that the litigation was in stage two, the court noted that "over 100 potential plaintiffs have already opted into this lawsuit," and that the motion for conditional certification was filed after the date that discovery was scheduled to be complete. *Id.* at 497-98.

Granting a conditional certification in stage one is not a

final or permanent decision.  Once discovery is largely complete and the case is ready for trial, the case is in stage two.  If the defendant moves to decertify the class, a second, final determination on class certification will be made during stage two.  The burden of proof that must be met by the plaintiff is higher during stage two because the court "has much more information on which to base its decision."  *Thiessen*, 996 F.Supp. at 1080;  *See also Herring v. Hewitt Assoc., Inc.*, 2007 WL 2121693 (D.N.J. 2007).  During this final determination, the court decides whether the plaintiff has shown that he or she is "similarly situated" to the potential class.  If the court determines during the stage two determination that the class of plaintiffs are "similarly situated," then the case may proceed to trial as a collective action.  *Morisky*, 111 F.Supp.2d at 497. Should the court determine, however, that the plaintiffs are not "similarly situated," then the class will be decertified or split into subclasses.

   Here, the case is not yet ready for trial and discovery has not been formally concluded, so it is more appropriate to consider Plaintiffs' motion under the burden of proof used for stage one.  Like *Herring*, some discovery has been conducted and some plaintiffs have opted in.  Additionally, the present case is

not yet ready for trial.[2]  Unlike *Morisky*, where the motion for conditional certification was filed after discovery was formally concluded and the case was ready for trial, there has been no formal conclusion to discovery here.[3]  Therefore, because this case is not ready for trial and discovery has not been formally concluded, it is appropriate to consider this motion for conditional certification under the stage one burden of proof.

### III.

Plaintiffs' motion to conditionally certify the class will be granted because Plaintiffs have met the low requirements needed to fulfill a stage one determination.  As of this time, courts in the Third Circuit are split between two levels of proof to apply during stage one.  Despite the two standards, courts generally agree that both standards set very low hurdles to pass. *Morisky*, 111 F.Supp.2d at 497.  One court held that "substantial allegations that the putative class members were together the victims of a single . . . policy" are enough to conditionally certify a class.  *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988);  *See also Goldman v. Radio Shack Corp.*,

---

[2] Extensive discovery has been conducted on the present case, but discovery has not yet formally closed.

[3] As noted in *Morisky*, discovery is formally concluded after the scheduled date for completion has passed.

```
2003 WL 21250571 at *8 (E.D.Pa. 2003).
```

The "substantial allegations" standard is met when plaintiffs show that they and the potential class allegedly suffered from a common scheme from their employers. In *Goldman*, the court stated that conditional certification is appropriate when "the plaintiff and the proposed representative class members allegedly suffered from the same scheme." *Id.* Likewise, in *Sperling*, the court noted that "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." 118 F.R.D. at 407.

Other courts have required more than substantial allegations by also requiring that the plaintiff show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated'." *Aquilino v. Home Depot, Inc.*, 2006 WL 2583563 at *2 (D.N.J. 2006)(quoting *Hoffman v. Sbarro Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)). Despite requiring a "factual nexus," the *Aquilino* court noted that "[i]n this early phase, courts apply a relatively lenient evidentiary standard in determining whether a collective action is appropriate." *Aquilino*, 2006 WL 2583563 at *2.

The "factual nexus" standard is met when plaintiffs provide information about who is in the potential class and the basis for

7

inferring that potential class members are similarly situated. In *Armstrong v. Weichert Realtors*, the court determined that a one page declaration by a named plaintiff did not demonstrate a factual nexus because it did not provide information as to who was in the potential class or the basis used to infer that the potential class members were similarly situated. 2006 U.S. Dist. LEXIS 31351 (D.N.J. 2006). Conversely, in *Garcia v. Freedom Mortgage Corp.*, the court held that a sufficient factual nexus was demonstrated for conditional certification when the plaintiffs were specific about their personal knowledge of other workers, of their own job duties, and that of other potential class members. 2009 WL 3754070 at *4 (D.N.J. 2009).

In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. Currently, no Third Circuit case has considered this matter. There are, however, several cases from other circuits that discuss the issue. A Fifth Circuit court held that during conditional certification, courts should consider whether the potential class is similarly situated in relation to "their job requirements and pay provisions." *Aguilar*, 2004 WL 2293842 at *4 (N.D.Tex. 2004); *See also Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D.Fl. 1994). As

8

such, because courts focus on pay provisions and job requirements and not on whether separate employers are joint employers during stage one, there is precedent for "conditionally certifying an FLSA class that consists of employees of related employers." *Aguilar*, 2004 WL 2293842 at *3.  This occurred in *Alba v. Loncar*, where the court granted conditional certification to a plaintiff class that was employed by several different defendants. 2004 WL 1144052 at *1 (N.D.Tex. 2004).  In the Eleventh Circuit, a district court granted conditional certification to a plaintiff class employed by multiple employers working within the same truck terminal because the "[p]laintiffs have shown similarly situated individuals . . . who may desire to opt-in to this lawsuit."  *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D.Fl. 1994).  The *Alba* court elaborated that courts can "determine at a later time whether defendants are joint employers." 2004 WL 1144052 at *1.  Using the above reasoning, the court noted that "if discovery shows that certain plaintiffs are not similarly situated due to differences in employers, the court can decertify the class or can create subclasses."  *Id.*; *See also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001) (stating that the court can decertify the class or create subclasses at a later point in litigation).

In the present case, the stage one burden of proof is met regardless of whether this Court chooses to apply the

9

"substantial allegations" or the "factual nexus" standard.  The Plaintiffs have made substantial allegations that the putative class members are the victims of the same policy by stating that "Defendants had an illegal and common pay policy whereby they automatically reduced the amount of hours credited to each COB employee."(Pls.' Mem. Supp. Mot. for Certification 3.) Plaintiffs further allege that this pay policy was "common to all putative class members."  (Pls.' Mem. 4.)  These allegations are sufficient to show that the potential plaintiff class was allegedly impacted by a common pay policy that, if actually applied to class members, would make Plaintiffs similarly situated to the potential class in relation to job requirements and pay provisions.

Even under the slightly higher burden of proof for stage one, conditional certification is appropriate because Plaintiffs have shown a factual nexus between themselves and other employees that work for Defendants.  This factual nexus is shown because Defendants "are in the business of providing 'pre-deployment training (Cultural Awareness)' to members of the United States Army National Guard."  (Pls.' Mem. 2-3.)  Additionally, Plaintiffs allege that in order to provide this training Defendants "employ and/or have employed hundreds of COB employees at Fort Dix in New Jersey" and that the potential class of plaintiffs are "those COB employees." (Pls.' Mem. 3.)  Finally,

10

Plaintiffs allege, as noted above, that each COB employee was impacted by a "common pay policy" that is the issue in dispute in this litigation. (Pls.' Mem. 3.)  Therefore, Plaintiffs have shown a factual nexus that would indicate that the potential class is similarly situated in relation to job requirements and pay provisions that makes a stage one conditional certification appropriate.

Although the potential plaintiff class is composed of employees of three separate but related employers,[4] that does not prevent this Court from granting conditional certification. While it is true that Defendants are separate employers, that fact is not dispositive here.  As in *Alba*, this Court will reserve judgment on whether Defendants are joint employers and grant conditional certification because Plaintiffs meet the low burden of proof required in the Third Circuit.

---

[4]Defendants Eagle and Falcon are majority owned subsidiaries of Goldbelt, Inc.  Defendant Bionetics possesses a minority ownership interest in Eagle and Falcon.  Bionetics is owned by a group of private shareholders that do not possess direct ownership interests in either Eagle or Falcon.
Defendants have alternated between serving as primary contractors and subcontractors for COB contracts at Fort Dix. Eagle served as the primary contractor for COB employees at Fort Dix from June 2004 to December 2006, with Falcon and Bionetics serving as subcontractors.  In 2007, Falcon became the primary contractor with Eagle and Bionetics selected to serve as subcontractors.

IV.

For the reasons stated above, Plaintiffs' Motion for Conditional Certification will be granted.  The Court will issue an appropriate order.


Date: September  29th, 2010


                                             s/Joseph E. Irenas
                                             JOSEPH E. IRENAS, S.U.S.D.J.