UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHARIS MANNING, et al.,
individually and on behalf of
all similarly situated
individuals,

       Plaintiffs,

   v.

GOLD BELT FALCON, LLC, et al.,

       Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 08-3427
(JEI/KMW)

**OPINION**

**APPEARANCES:**

WILLIAMS CUKER & BEREZOFSKY
By:  Gerald J. Williams, Esq.
1515 Market Street
Suite 1300
Philadelphia, PA 19102

    and

MORGAN AND MORGAN P.A.
By:  Andrew R. Frish, Esq.
7450 Griffin Road
Suite 230
Davie, FL 33314

    and

Merovitz Cedar & Gruber, LLC
By:  David Cedar, Esq.
    Samuel N. Merovitz, Esq.
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
    Counsel for Plaintiffs

COZEN O'CONNOR
By:  Emily P. Simpson-Miller, Esq.
     George A. Voegele, Jr., Esq.
     Tiffani Lynne McDonough, Esq.
1900 Market Street
Philadelphia, PA 19103
     Counsel for Defendants


**IRENAS**, Senior District Judge:

Presently before the Court, Defendants Bionetics, Goldbelt Eagle, and Gold Belt Falcon filed this Motion to Dismiss Claims of Individuals who Failed to File or Filed Untimely Consent Forms ("Motion"), 29 U.S.C. § 216(b).  (Dkt. No. 97)  For the following reasons the Motion will be granted in part and denied in part.


## I.

Defendants employed Plaintiffs as Citizens on the Battlefield ("COB") role players to assist in military training exercises.  On July 10, 2008, Plaintiffs filed a collective action Complaint alleging that Defendants failed to pay overtime wages in accordance with the Fair Labors Standards Act of 1938, 29 U.S.C. § 207(a).[1]  (Dkt. No. 1)  On September 29, 2010, this Court granted Plaintiffs' Motion for Conditional Certification.

---

[1] Plaintiffs had also alleged a violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*  On February 1, 2010, this Court dismissed that claim with prejudice.   *See Manning v. Gold Belt Falcon, LLC*, 681 F.Supp.2d 574 (D.N.J. 2010).

*See Manning v. Goldbelt Falcon, LLC*, 2010 WL 3906735 (D.N.J. 2010).

Under the Fair Labor Standards Act, there are two pertinent requirements to maintain a collective action: 1) each Plaintiff must manifest his written consent, and 2) Plaintiff's attorney must file that consent with the Court.  29 U.S.C. § 216(b); *see, e.g., Harkins v. Riverboat Services, Inc.,* 385 F.3d 1099, 1101 (7th Cir. 2004) ("[t]he statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party.").  The statute provides no further guidance regarding the practicalities surrounding timing and form of the requirements.

To comply with the first requirement, this Court issued an Order on September 29, 2010 that granted a 120 day opt-in period for all prospective class members.  (Dkt. No. 62)  In an Order issued November 22, 2010, the Court settled the form of notice and the opt-in period began to run.  (Dkt. No. 68)  The Court approved letter that accompanied the opt-in consent form instructed prospective plaintiffs to sign, date and forward the consent form to plaintiffs' counsel within the opt-in period. (*See* Dkt. No. 64, Ex. A)  The parties do not dispute that the opt-in period closed on March 22, 2011.  (Def.'s Br. Supp. Mot. Dismiss, 2; Pl.'s Br. Opp. Mot. Dismiss, 1)

However, this Court's Orders did not address the statute's

second requirement that plaintiffs' attorney file consent with the Court.  Needless to say, if the opt-in period ended March 22, 2011, the deadline for filing consent could not conceivably be the same day.[2]  Nevertheless, Defendants argue that as of March 22, 2011, the consent of twelve Plaintiffs had not yet been filed with the Court and, as a result, they should be dismissed as parties.[3]  (Dkt. Nos. 90-93; Def.'s Br. Supp. Mot. Dismiss, 2) These Plaintiffs can be categorized into three distinct groups.

The first group is made up of eight Plaintiffs not named in the caption.[4]  It is undisputed that these Plaintiffs signed and dated their Court approved consent forms before the March 22 consent deadline and, in some cases, well before the deadline.[5] However, Plaintiffs' attorney filed the consent forms with the Court between one and six days after the opt-in period closed. (Dkt. Nos. 90-93)

In the second group, named and lead class Plaintiff Sharis

---

[2] Indeed, the notice sent to plaintiffs stated that consent needed only to have been forwarded to class counsel within 120 days, not received within 120 days.  Some plaintiffs could have properly forwarded consent forms to class counsel on March 22, 2011, but class counsel would not have received the forms until after the opt-in period closed.

[3] Defendants reserve their rights to challenge any future opt-ins.

[4] Those Plaintiffs are Christi Reeves, Rashad Chavis, Valencio Creque, Sandra Devin, Rachel Donofrio, Richard Karwoski, Vanessa Lemanski, and Alfred Wilson.  (Dkt. Nos. 90-93)

[5] The one exception is Rashad Chavis who failed to date the consent form.  Chavis's consent form was filed with the Court on March 25, 2011. (Dkt. No. 91)  The Court will assume that Chavis filed within the opt-in period, which closed just three days prior.

Manning failed to sign a Court approved consent form altogether. However, Manning participated in a deposition and submitted a written declaration indicating knowledge of the suit on February 22, 2010. (Dkt. No. 44)

The final group is comprised of named Plaintiffs Brandon Drew, Joshua Goldberg and Chad Waters. Although Defendants deposed these Plaintiffs whom acknowledged their participation in the lawsuit, these Plaintiffs never signed written consent. (Pl.'s Br. Opp. Mot. Dismiss, 3)

## II.

The Fair Labor Standards Act provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The statute does not elaborate upon the form or timing of these two requirements.

With respect to form, courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit. *See Ketchum v. City of Vallejo*, 2007 WL 4356137, *2 (E.D.Cal. 2007). In some cases, plaintiffs have been deemed to have manifested consent, although they did not submit the specific form approved by the Court. *See, e.g., Mendez v. Radec, Corp.*, 260 F.R.D. 38, 52 (W.D.N.Y. 2009) (finding an

5

affirmation submitted by a named plaintiff was sufficient to satisfy the consent requirement).

As for timing, there are two relevant deadlines, neither of which are actually defined in the statute.  The first deadline defines the last day that prospective plaintiffs may date and sign written consent.  In this case, the deadline passed when the opt-in period closed on March 22, 2011.

The second deadline sets a date before which plaintiffs' attorney must file the written consent with the Court.  Here, the Courts' Orders were silent.[6]  (*See* Dkt. No. 62 & 68)

### III.

Defendants' Motion seeks dismissal of all three groups of Plaintiffs for failing to satisfy the consent requirements of 29 U.S.C. § 216(b).

### A.

The first group is comprised of the eight Plaintiffs that timely submitted the Court approved consent form to their attorney.  Defendants argue a violation of the second requirement

---

[6] Both parties' briefs cite extensively to 29 U.S.C. § 256 and cases that interpret that statute.  However, § 256 only determines when an action is commenced for the purposes of 29 U.S.C. § 255, which defines the applicable statute of limitations.  The instant Motion seeks dismissal based on a failure of consent, not the statute of limitations.  Therefore, those cases and that statute are irrelevant to this Motion.  The Court makes no holding as to the merits of any future defense based on the statute of limitations.

because Plaintiffs' attorney filed the consent forms with the
Court between one and six days after the opt-in period closed.

The Court disagrees.  The 120 day opt-in period only defined
the deadline for the first requirement that Plaintiffs sign and
forward written consent to their attorneys.  The Court's Orders
did not speak to a filing deadline.  In light of this silence
regarding the deadline for filing consent, the Court finds that
Plaintiffs' attorney filed promptly and within a reasonable time.
Accordingly, Defendants' Motion to Dismiss with respect to the
eight Plaintiffs not named in the caption to this suit will be
denied.[7]


**B.**

Only Plaintiff Manning makes up the second group.  Manning
failed to complete the Court approved consent form, but signed
and filed a written declaration that acknowledged participation
in the lawsuit.  Defendants argue that Manning failed to comply
with both consent requirements.

Section 216(b) does not dictate the form consent must take,
but only that consent be written and filed with the Court.  Thus,
a signed written document acknowledging participation in the

---

[7] Even if one or two of the Plaintiffs were a few days late in
forwarding written consent to their attorneys, the March 22, 2011 deadline is
not jurisdictional, and in the absence of prejudice to the Defendants, the
Court would have accepted the consent.

lawsuit that was not Court approved can suffice. *Mendez,* 260
F.R.D. at 52.

Here, on February 22, 2010, Manning submitted a sworn
written declaration stating "I am the named Plaintiff in this
action." (Dkt. No. 44)  The declaration further describes the
facts of the underlying lawsuit. (*Id.*)  This signed written
declaration, filed with the Court well before the opt-in period
closed, satisfied both requirements.  Accordingly, Defendants'
Motion will be denied as to Manning.

## C.

Finally, the third group is made up of three named
Plaintiffs who did not sign written consents.  Defendants argue
that there are no valid exceptions that would excuse this
failure.

"Although it may seem curious that this consent requirement
would apply to a named plaintiff, this requirement has been held
to apply even to the named plaintiffs." *Mendez* 260 F.R.D. at 52;
*accord Harkins*, 385 F.3d at 1101.  This is not merely a problem
with timing or form; rather, these Plaintiffs failed to date and
sign written consents.

Plaintiffs only argue that through their status as named
Plaintiffs and having given depositions, this Court should deem

Plaintiffs to have manifested their consent.[8]  However, there is no support for this position.  Although this is a harsh result, the statute clearly states that consent must be written and that it must be filed with the Court.  Plaintiffs had ample time to comply with these requirements, but failed to do so.  Accordingly, Defendants' Motion will be granted as to Plaintiffs Brandon Drew, Joshua Goldberg and Chad Waters.[9]

## IV.

For the foregoing reasons, Defendants' Motion will be granted in part and denied in part.  With respect to Plaintiffs Brandon Drew, Joshua Goldberg and Chad Waters the Motion is granted.  With respect to Plaintiffs Christi Reeves, Rashad Chavis, Valencio Creque, Sandra Devin, Rachel Donofrio, Richard Karwoski, Vanessa Lemanski, Alfred Wilson, and Sharis Manning the Motion is denied.

Date: October 5, 2011

       /s/ Joseph E. Irenas

       **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[8] The Court merely notes here the irony that unsworn written consent satisfies the statute while sworn oral testimony does not.  Nevertheless, this Court has no power to rewrite the statute.

[9] Without making any determination of the merits, the Court grants these Plaintiffs leave to file a motion seeking to belatedly comply with the statutory consent requirements of 29 U.S.C. § 216(b).