```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHARIS MANNING, et al., individually and on behalf of all similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOLD BELT FALCON, LLC, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3427<br>       (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

WILLIAMS CUKER & BEREZOFSKY
By:  Gerald J. Williams, Esq.
1515 Market Street
Suite 1300
Philadelphia, PA 19102
     and
MORGAN AND MORGAN P.A.
By:  Andrew R. Frish, Esq.
7450 Griffin Road
Suite 230
Davie, FL 33314
     and
Merovitz Cedar & Gruber, LLC
By:  David Cedar, Esq.
     Samuel N. Merovitz, Esq.
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
     Counsel for Plaintiffs

COZEN O'CONNOR
By:  Emily P. Simpson-Miller, Esq.
     George A. Voegele, Jr., Esq.
     Tiffani Lynne McDonough, Esq.
1900 Market Street
Philadelphia, PA 19103
     Counsel for Defendants

**IRENAS,** Senior District Judge:

This matter comes before the Court on Plaintiff Manning's Motion for Equitable Tolling. (Dkt. No. 103) For the following reasons the Motion will be denied.

## I.

On July 10, 2008, Plaintiff Manning filed the Complaint in this case. (Dkt. No. 1) On September 30, 2008, Ivan Alvarez filed a complaint alleging substantially the same claims against the same defendants in this courthouse before Judge Hillman. (*See Alvarez v. Gold Belt*, Civ. No. 08-4871, Dkt. No. 1) In both cases, Plaintiffs allege that Defendants employed Plaintiffs as Citizens on the Battlefield ("COB") role players to assist in military training exercises. Plaintiffs filed collective actions alleging that Defendants failed to pay overtime wages in accordance with the Fair Labors Standards Act of 1938, 29 U.S.C. § 207(a).[1]

Although Manning was the first to file the Complaint, Alvarez first filed a motion to certify the class on October 29,

---

[1] Plaintiffs also alleged a violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*. On February 1, 2010, this Court dismissed that claim with prejudice. *See Manning v. Gold Belt Falcon, LLC*, 681 F.Supp.2d 574 (D.N.J. 2010).

2

2008.[2] (*Id.* at Dkt. No. 10)  On November 11, 2008, the *Alvarez* Defendants cross-moved to dismiss in favor of *Manning*, the first filed action.  (*Id.* at Dkt. No. 13)  By December 8, 2008, the Motion was fully briefed.[3] (*Id.* at Dkt. No. 23)  On May 26, 2009, Judge Hillman issued an opinion denying Alvarez's Motion to Certify and stayed the proceedings pending the outcome of class certification in the first-filed *Manning* case.  (*Id.* at Dkt. No. 40)  At this point, no motion for class certification had yet been filed in *Manning*.

Rather than proceed with class certification in the *Manning* case pursuant to Judge Hillman's Order, however, Plaintiff Alvarez moved for reconsideration on June 8, 2009.  (*Id.* at Dkt. No. 45)  On the same date, Plaintiffs' counsel for each of the two cases made appearances in the other's case.  (*See Alvarez*, Dkt. No. 43; *Manning*, Dkt. No. 19)

On June 23, 2009, Plaintiffs moved to consolidate both cases.  (*See Alvarez*, Dkt. No. 50; *Manning*, Dkt. No. 22)  On January 14, 2010, this Court denied Plaintiffs' Motion for

---

[2] The members of the class of plaintiffs in both actions would overlap substantially.  *See Alvarez*, Civ No. 08-4871, slip op. at 7-8 (D.N.J. May 26, 2009).

[3] On February 4, 2009, *Manning* and *Alvarez* were consolidated for discovery and case management purposes only.  (*See Alvarez*, Dkt. No. 30; *Manning*, Dkt. No. 18)

3

Consolidation.[4]  (*See Manning*, Dkt. No. 38)  Finally, on February 22, 2010, Plaintiff Manning moved to certify the class.  (*Id.* at Dkt. No. 43)  On March 4, 2010, Judge Hillman denied both Plaintiff's Motion for Reconsideration and Plaintiff's Motion for Consolidation.  (*See Alvarez*, Dkt. No. 66)

In *Manning*, the issue of class certification proved complicated and required two rounds of oral argument and multiple rounds of briefing.  (*See Manning*, Dkt. Nos. 45, 47, 48, 51, 53, 55, 57, 58, 59, 60 & 63)  On September 29, 2010, this Court conditionally certified a class of plaintiffs comprised of Defendants' COB employees between February 22, 2007 and the date of the Order.  (*Id.* at Dkt. Nos. 61 & 62)  At Plaintiff's request, this Court chose the date three years prior to the filing of Plaintiff's motion, as opposed to the filing of the opinion.  (*Id.*)  The Court further provided a 120 day opt-in period.  (*Id.*)

On November 22, 2010, the Court approved the form of notice and the opt-in period began to run.  (*Id.* at Dkt. No. 68)  By the March 22, 2011 deadline, approximately 200 plaintiffs had opted to join the class.  (*Id.* at Dkt. Nos. 69-93)

**II.**

---

[4] The Motion for consolidation effectively asked this Court to overrule Judge Hillman by allowing the *Alvarez* case to proceed together with *Manning*.

On May 23, 2011, Plaintiff Manning filed the present Motion for Equitable Tolling. (*Id.* at Dkt. No. 103) Due to the length of time before class certification, Plaintiff asserts that members of the class have lost between one-third and more than one-half of their claims. Plaintiffs thus "seek an Order tolling the statute of limitations as of October 29, 2008, the date on which the Plaintiff in *Alvarez* first moved for conditional certification." (*Id.*, Pl.'s Br. 2, Dkt. No. 103) The footnote to the quoted text reads, "[s]hould the Court grant Plaintiffs' instant Motion, the effect would be to expand the class notice period to include claims of COB employees who were wrongly denied their pay between October 29, 2005 and February 21, 2007, a period not currently covered by this case." (*Id.* at 2 n.2)

"Equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983) (superceded by statute on other grounds) (citations omitted).

Plaintiff makes three arguments: 1) Defendants affirmatively

5

misled Plaintiff,[5] 2) Judicial delay from decisions rendered in *Alvarez* caused time to elapse, and 3) Plaintiffs timely asserted their rights but in the wrong forum.

For the following reasons, Plaintiff is not entitled to equitable relief. First, to the extent Plaintiffs seek to expand the class defined by this Court's September 29, 2010 Order, the instant motion will be treated as an untimely motion for reconsideration. "A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L.Civ.R. 7.1(i). Nearly eight months passed between the instant Motion and this Court's September 29, 2010 Order. The Court will not reconsider the scope of the class and reopen the opt-in period.

Second, Manning asks this Court for equitable relief despite taking a "wait and see" approach to the disposition in *Alvarez*. "Federal Courts invoke the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect.'" *Midgley*, 142 F.3d at 179 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S.

---

[5] The only evidence Plaintiff submits in support of this argument is an undated letter on Gold Belt Eagle letterhead purporting to correct administrative errors in payroll. (*See Manning*, Pl.'s Br. Ex. A, Dkt. No. 103) The letter estimates that unidentified payments would be forthcoming in the "next non-payroll week, which is August 15, 2008." (*Id.*) There is no evidence that payment was not forthcoming at that time. Moreover, Alvarez filed for class certification a little over two months after August 15, 2008. This does not account for the fourteen months of equitable tolling Plaintiff requests in this Motion.

6

89, 96 (1990).

After initiating the case, Manning waited more than nineteen months to move to certify the class. Manning delayed more than eight months in filing a motion for certification in this Court following Judge Hillman's Order of May 26, 2009 that deferred to this first-filed action. These eight months account for more than half of the approximately fourteenth months of equitable tolling Plaintiffs request in this Motion. Plaintiffs have mainly themselves to blame for the long delays in class certification in *Manning*. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). Plaintiffs have shown a strong predisposition to litigate the *Alvarez* case at the expense of *Manning*. The Court will not utilize equitable principles to undo the results of Plaintiff's tactical decisions.

### III.

For the foregoing reasons Manning's Motion for Equitable Tolling will be denied.

Dated: 11/17/11                    /s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**